IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TAMMY R. PASTOR                                                          PLAINTIFF

V.                              CASE NO. 4:13CV00229 JTK

CAROLYN W. COLVIN, *Acting Commissioner*,
Social Security Administration                                          DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Tammy Pastor appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI) based on disability.[1]  She alleges disability due to asthma, scoliosis, high blood pressure, bladder problems, infection of the spine, and anxiety.  Both parties have submitted appellate briefs, and the case is ready for decision.  The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.  For the reasons outlined below, the decision of the Commissioner is affirmed.

### Procedural History

Plaintiff protectively filed for benefits on September 15, 2010, alleging a disability onset

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."
42 U.S.C. § 423(d)(3).

date of March 2, 2010.  Disability Determination Services (DDS) denied the claims initially and

upon reconsideration.  Plaintiff timely requested a hearing before an Administrative Law Judge

(ALJ).  Following the hearing, the ALJ issued a decision that Plaintiff was not disabled.  The

Appeals Council declined review, making the ALJ's decision the final decision of the

Commissioner.  Plaintiff timely filed her civil action.

## Administrative Proceedings

Plaintiff was twenty-seven years old at the time of the administrative hearing.  She

completed the eleventh grade and did not obtain a GED.  The ALJ considered Plaintiff's

impairments by way of the required five-step sequential evaluation process[2] and found that she

had the severe[3] impairments of degenerative joint disease of the cervical spine, juvenile

apophysitis, scoliosis, and obesity but did not have an impairment or combination of impairments

that met or medically equaled a listing.  In assessing Plaintiff's credibility, the ALJ found that

Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged

symptoms but that her statements concerning the intensity, persistence, and limiting effects of

those symptoms were not credible to the extent they were inconsistent with the residual functional

---

[2]"The five-part test is whether the claimant is (1) currently employed and (2) severely
impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether
the claimant can perform past relevant work; and if not, (5) whether the claimant can perform
any other kind of work.  Through step four of this analysis, the claimant has the burden of
showing that she is disabled.  Only after the analysis reaches step five does the burden shift to
the Commissioner to show that there are other jobs in the economy that a claimant can
perform."  *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3]An impairment is "severe" if it significantly limits an individual's ability to perform
basic work activities.  20 C.F.R. §§ 404.1520, 416.920.  An impairment is "nonsevere" when
medical or other evidence establishes only a slight abnormality that would have no more than a
minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.

capacity (RFC) to perform unskilled light work.  The ALJ found Plaintiff could perform her past work as a telephone solicitor and insurance secretary.  Thus, he concluded that Plaintiff was not disabled.

## Standard of Review

The standard of review in this case is whether there is substantial evidence in the record as a whole to support the decision.  *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."  *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).  In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."  *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

## Discussion

First, Plaintiff argues the ALJ failed to fully and fairly develop the record and apply the special technique[4] to evaluate her anxiety disorder.  She contends that the ALJ failed to develop medical evidence related to her anxiety, which was being treated with medication, and erred at step two by failing to find her anxiety to be a severe impairment.  The Commissioner asserts that the special technique was not required here because Plaintiff failed to establish anxiety as a severe impairment.

The ALJ bears the responsibility to develop the record fairly and fully.  *Byes v. Astrue*, 687

---

[4]The Court understands the "special technique" to be the psychiatric review technique codified at 20 C.F.R. §§ 404.1520a, 416.920a.

F.3d 913, 915-16 (8th Cir. 2012). "Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on [her] ability to work." *Id.* at 916. There is no bright line test for determining whether the ALJ has fully and fairly developed the record; that determination is made on a case-by-case basis. *See Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (internal quotations and citations omitted). "[The] ALJ is permitted to issue a decision without obtaining additional medical evidence as long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Warburton v. Apfel*, 188 F.3d 1047, 1051 (8th Cir. 1999) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)).

Further, at step two of the sequential evaluation process, the ALJ determines whether the claimant has a severe impairment or combination of impairments that lasted or is expected to last for at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A medically determinable impairment is "severe" if it more than minimally affects the claimant's ability to perform basic work activities. The impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques . . . and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms . . . ." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). A mental impairment is not severe if it results

in no episodes of decompensation and no more than mild limitations in the areas of maintaining concentration, persistence and pace; social functioning; and activities of daily living. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Although severity is not an onerous requirement, it is also not a toothless standard. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007). The claimant bears the burden of establishing that her impairment is severe. *Id.* at 507.

In the present case, the ALJ's decision omitted a discussion of whether Plaintiff's anxiety was a severe impairment at step two.  He also did not discuss the special technique that is required when mental impairments are present. 20 C.F.R. § 404.1520a(a); *Cuthrell v. Astrue*, 702 F.3d 1114, 1117 (8th Cir. 2013).  Although the ALJ technically erred at step two by not labeling Plaintiff's anxiety as "non-severe" and failing to discuss the special technique, this is harmless error. *Cuthrell*, 702 F.3d at 1118.  An ALJ is not required to find a severe impairment simply because a claimant has received a diagnosis.  *See Buckner v. Astrue*, 646 F.3d 549, 557 (8th Cir. 2011).  Rather, the ALJ must evaluate the record evidence as a whole to determine whether the impairment affects the claimant's ability to work.  20 C.F.R. § 404.1520(c).

Here, in review of the record evidence as a whole, the Court located at most two notations regarding anxiety.  Although Plaintiff requested a mental consultative evaluation, Plaintiff's counsel subsequently notified the ALJ by letter that the record could be closed and the case submitted for decision.  Plaintiff does not point to any medical records that indicate that anxiety affected her ability to work, and it is her burden to establish a severe impairment limiting her ability to perform work. *Bowen v. Yuckert*, 482 U.S. 137 (1987).  As previously stated, a diagnosis

does not require the ALJ to find a severe impairment.  Indeed, the Court finds here that there is

no credible evidence on the record that Plaintiff's anxiety was severe.  Thus, no consultative

examination was necessary in this instance, and the ALJ's failure to discuss anxiety at step two or

the special technique was a mere deficiency in opinion writing that does not require remand.  *Hepp*

*v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008).

Plaintiff argues next that the ALJ erred in his RFC determination because the RFC was not

supported by either the examining or treating medical evidence.  Additionally, while Plaintiff

acknowledges the ALJ considered her obesity, she argues the condition would not allow her to

perform light work.  She also notes that no treating or examining source has opined that she could

be on her feet six hours in an eight-hour workday, so the ALJ had to base his opinion on the state

agency non-examining medical source, which does not constitute substantial evidence on the

record as a whole.  Finally, she argues the ALJ erred because he failed to include any mental

restrictions in the RFC other than indicating Plaintiff should not be around hazards due to side

effects of her medication.  However, as noted in the discussion above, there was no error because

no mental restrictions were supported by the record evidence.  Further, the ALJ in his RFC

determination limited Plaintiff to no exposure to hazards because the record reflected several

medications for back pain that caused Plaintiff to have physical side effects (drowsy and

"relaxed").

It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence.

*Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  An individual's RFC is her ability to do

physical and mental work activities on a sustained basis despite limitations from her impairments.

*See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). In addition to determining RFC based on all relevant evidence including the medical records and observations of treating physicians and others, the ALJ should also consider the claimant's own description of her limitations, *id.*, including her testimony regarding subjective complaints of pain. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).   In doing so, the ALJ considers: (1) a claimant's daily activities, (2) the duration, frequency, and intensity of pain, (3) precipitating and aggravating factors, (4) dosage, effectiveness, and side effects of medication, and (5) residual functions. *Id.* While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible in light of objective medical evidence to the contrary.  *See* 20 C.F.R. §§ 404.1508, 404.1529 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged).

Here, the Court finds substantial evidence to support the Commissioner's decision to deny benefits.  The ALJ considered all the record evidence, and he specifically noted that he gave substantial weight to Plaintiff's treating physicians, with two acceptable exceptions. The argument that the ALJ gave too much weight to the state agency medical source is unpersuasive because the ALJ found Plaintiff more limited than what was reported.  Petitioner was employed as a telephone

solicitor and insurance secretary, and the ALJ found Plaintiff could return to this work.  The ALJ proceeded to step five and met his burden to produce evidence of other jobs in the national economy that Plaintiff could also perform.  The ultimate burden of persuasion, however, always remains with the claimant, and she failed to meet her burden. *Young v. Apfel*, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000).  Additionally, there is little evidence demonstrating that the Petitioner experiences pain so debilitating that she cannot perform light work nor so constant that it will last twelve months.  "Many workers suffer from fatigue but are able to work, just as many people suffer from chronic pain that is not disabling." *Blakeman v. Astrue*, 509 F.3d 878, 882 (8th Cir. 2007).  The issue is whether Plaintiff's pain is disabling.  *See Cruse v. Bowen*, 867 F.2d 1183, 1186 (8th Cir. 1989). The record indicates Plaintiff faced criminal charges for selling some of her pain medication to a family member, and the ALJ properly noted that this activity provided some evidence to impugn her credibility.  Moreover, the ALJ did consider Plaintiff's obesity.  He found obesity to be a severe impairment at step two, and Plaintiff presented no objective medical evidence to show that the impairment caused any additional functional limitations.  *See McNamara v. Astrue*, 590 F.3d 607 (8th Cir. 2010) (nothing in medical record demonstrated claimant's obesity resulted in additional work-related limitations).

## Conclusion

The Court has carefully reviewed the record and finds the Commissioner's decision to be supported by substantial evidence and free of significant legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 30th day of July 2014.

_____
UNITED STATES MAGISTRATE JUDGE